1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| DAVID BROWNFIELD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA,<br><br>Defendant. | Case No.   5:21-cv-09878-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 10 |

On December 22, 2021, Plaintiffs Kirk Booth, David Brownfield, and Wynette Sills moved for a temporary restraining order against California Attorney General Rob Bonta ("Defendant").  Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order, Dkt. No. 10-2.  For the reasons discussed below, the Court **DENIES** the motion and **ORDERS** the Parties to submit simultaneous briefing, not to exceed fifteen pages, regarding whether Plaintiffs have Article III standing to pursue their claims by January 17, 2022.

This case arises from the California Legislature's September 22, 2021 enactment of Assembly Bill 1356, which amended Section 423.5 of the California Penal Code.  Under Assembly Bill 1356, it is a criminal offense to commit the following acts:

> (g) Within 100 feet of the entrance to, or within, a reproductive health services facility, intentionally videotapes, films, photographs, or records by electronic means, a reproductive health services patient, provider, or assistant without that person's consent with specific intent to intimidate the person from becoming or remaining a reproductive health services patient, provider, or assistant, and thereby causes the person to be intimidated.
>
> (h) In any manner or forum, including, but not limited to, internet websites and social media, intentionally discloses or distributes a videotape, film, photograph, or recording knowing it was obtained in

violation of subdivision (g) with the specific intent to intimidate the person from becoming or remaining a reproductive health services patient, provider, or assistant, and thereby causes the person to be intimidated. For purposes of this subdivision, "social media" means an electronic service or account, or electronic content including, but not limited to, videos or still photographs, blogs, video blogs, podcasts, instant and text messages, email, online services or accounts, or internet website profiles or locations.

Section 6 of the Bill also amends Section 423.3 of the penal code to add the following:

(i) Subdivisions (g) and (h) do not apply to a person described in subdivision (b) of Section 2 of Article I of the California Constitution.

Section 2, subdivision (b), of Article I of the California Constitution describes "[a] publisher, editor, reporter, or other person connected with or employed upon a newspaper, magazine, or other periodical publication, or by a press association or wire service, or any person who has been so connected or employed," and "a radio or television news reporter or other person connected with or employed by a radio or television station, or any person who has been so connected or employed."  A violation of Section 432.2(g) or (h) is a criminal misdemeanor under Penal Code § 423.3 and is punishable by fine, imprisonment, or both.

Plaintiffs seek a temporary restraining order and a preliminary injunction to stop the Bill from taking effect.  Mot. at 1.  Plaintiffs argue the law will have the effect of unconstitutionally chilling "constitutionally protected speech activity" and that an injunction is necessary to ensure the Bill does not interfere with such constitutionally protected activity.  Plaintiffs highlight the exemption of the media to demonstrate that the Bill is motivated at chilling the speech of pro-life activists.

"The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction."  *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016).  "A plaintiff seeking either remedy must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* (internal citation and quotation omitted).  On a temporary restraining order, a plaintiff must demonstrate that there exists a significant threat of irreparable injury.  *See, e.g.*, *Baker DC v. NLRB*, 102 F. Supp. 3d 194, 198 (D.D.C. 2015).

Case No.: 5:21-cv-09878-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER
2

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here, Plaintiffs have failed to demonstrate a significant threat of irreparable harm. Plaintiffs argue that they will be harmed by the Bill because it will chill their protected speech by making it riskier for them to record and thus defend themselves from threatening interactions. Even assuming the taking of a photo or video outside an abortion clinic is "protected speech" within the meaning of the First Amendment, the Court is unclear how the Bill will impact Plaintiffs' ability to "photograph[] and videorecord[] hostile encounters" while "leafleting and counseling" outside abortion clinics.  Mot. at 3.  The Bill only criminalizes the taking of a photo or video *with the specific intent* to intimidate someone else from obtaining an abortion or providing abortion services.  Plaintiffs allege that they only intend to protect themselves from hostile interactions. *See, e.g.*, Amended Complaint ¶ 8; Declaration of David Brownfield ¶ 4, Dkt. No. 11 ("I record *in order to make a record of unusual, or threatening,* incidents." (emphasis added)). This is plainly not criminalized by the statute.  The statute thus has no chilling effect on Plaintiffs' activities outside abortion clinics.

Federal courts are required to *sua sponte* examine jurisdictional issues, such as standing. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999).  The Court is concerned that Plaintiffs' allegations of harm are not particular enough to support Article III standing.  The Parties are therefore **ORDERED** to submit simultaneous briefing, not to exceed fifteen pages, regarding whether Plaintiffs have Article III standing to pursue their claims by January 17, 2022.

**IT IS SO ORDERED.**

Dated: December 23, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-09878-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER
3