UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID BROWNFIELD, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ROB BONTA,<br><br>　　　　　Defendant. | Case No.　5:21-cv-09878-EJD<br><br>**ORDER DISMISSING ACTION FOR LACK OF ARTICLE III STANDING**<br><br>Re: Dkt. Nos. 16, 17 |

On December 22, 2021, Plaintiffs Kirk Booth, David Brownfield, and Wynette Sills moved for a temporary restraining order against California Attorney General Rob Bonta ("Defendant"). *See* Dkt. No. 10-2. This Court denied Plaintiffs' motion. *See* Order Denying Plaintiffs' Motion for a Temporary Restraining Order ("TRO Order"), Dkt. No. 15. The Court instructed the Parties to file supplemental briefing regarding Article III standing. After reviewing the Parties' briefing and the relevant case law, this Court **DISMISSES** Plaintiffs' action for lack of Article III jurisdiction.

**I.　　BACKGROUND**

This case arises from the California Legislature's September 22, 2021, enactment of Assembly Bill 1356, which amended the California Freedom of Access to Clinic and Church Entrances Act ("FACE Act"), California Penal Code section 423.5. Under Assembly Bill 1356, it is a criminal offense to commit the following acts:

> (g) Within 100 feet of the entrance to, or within, a reproductive health services facility, intentionally videotapes, films, photographs, or records by electronic means, a reproductive health services patient, provider, or assistant without that person's consent with specific intent to intimidate the person from becoming or remaining a

Case No.: 5:21-cv-09878-EJD
ORDER DISMISSING ACTION FOR LACK OF ARTICLE III STANDING

1

> reproductive health services patient, provider, or assistant, and thereby causes the person to be intimidated.
>
> (h) In any manner or forum, including, but not limited to, internet websites and social media, intentionally discloses or distributes a videotape, film, photograph, or recording knowing it was obtained in violation of subdivision (g) with the specific intent to intimidate the person from becoming or remaining a reproductive health services patient, provider, or assistant, and thereby causes the person to be intimidated. For purposes of this subdivision, "social media" means an electronic service or account, or electronic content including, but not limited to, videos or still photographs, blogs, video blogs, podcasts, instant and text messages, email, online services or accounts, or internet website profiles or locations.

Cal. Pen. Code § 432.2(g) & (h). The Bill exempts news media from the prohibitions regarding recording and publishing, as follows:

> (i) Subdivisions (g) and (h) do not apply to a person described in subdivision (b) of Section 2 of Article I of the California Constitution.

Cal. Pen. Code, § 423.2(i). Article I of the California Constitution, Section 2, subdivision (b), describes such individuals as:

> A publisher, editor, reporter, or other person connected with or employed upon a newspaper, magazine, or other periodical publication, or by a press association or wire service, or any person who has been so connected or employed . . . [and] a radio or television news reporter or other person connected with or employed by a radio or television station.

Cal. Const., art. I, § 2(b).

Plaintiffs allege that they regularly exercise their free speech rights to display signs, distribute literature, and engage in oral protest, education and counseling within 100 feet of the entrances to reproductive healthcare facilities. *See* Amended Complaint ("FAC") ¶ 8, Dkt. No. 7; *see also* Declaration of David Brownfield in Support of Plaintiffs' Application for Temporary Restraining Order ("Brownfield Decl.") ¶¶ 2–3, Dkt. No. 11; Declaration of Wynette Sills in Support of Plaintiffs' Motion for Preliminary Injunction and TRO ("Sills Decl.") ¶¶ 2–3, Dkt. No. 12. Plaintiff further allege that, during these activities, they occasionally "photograph or record individuals who challenge, in a verbally or physically aggressive manner, Plaintiffs' right to engage in this constitutionally protected activity" "to make a record of unusual, often threating incidents." Brownfield Decl. ¶ 4; Sills Decl. ¶ 4. Plaintiffs deny any intent to intimidate

Case No.: 5:21-cv-09878-EJD
ORDER DISMISSING ACTION FOR LACK OF ARTICLE III STANDING

2

reproductive health patients, providers, or assistants, stating "abortion rights advocates, including many public officials, falsely claim that pro-lifers recording or photographing anything outside abortion clinics is itself a form of intimidation." Brownfield Decl. ¶ 6; Sills Decl. ¶ 6.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction; they are authorized only to exercise jurisdiction pursuant to Article III of the U.S. Constitution and federal laws enacted thereunder. *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Hence, an Article III federal court must ask whether a plaintiff has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the U.S. Constitution. *In re LinkedIn User Privacy Litig.*, 932 F. Supp. 2d 1089, 1092 (N.D. Cal. 2013).

To satisfy Article III standing, a plaintiff must allege: (1) an injury in fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992). To establish an injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quotation marks and citation omitted). To establish a traceable injury, there must be "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (quotation marks and citation omitted) (alteration omitted). Finally, it must be "likely" as opposed to merely "speculative" that the injury will be "redressed by a favorable decision." *Id.* at 561 (quotation marks and citation omitted). If a

Case No.: 5:21-cv-09878-EJD
ORDER DISMISSING ACTION FOR LACK OF ARTICLE III STANDING
3

1  plaintiff is seeking injunctive or declaratory relief, the plaintiff must demonstrate "a sufficient
2  likelihood that [they] will again be wronged in a similar way." *City of L.A. v. Lyons*, 461 U.S. 95,
3  111 (1983).

4  If a plaintiff cannot allege Article III standing, then the federal court lacks jurisdiction over the case and must dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1). *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101, 109–10 (1998). Indeed, "[a]t the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *In re Apple Processor Litig.*, 366 F. Supp. 3d 1103, 1107 (N.D. Cal. 2019) (quoting *Spokeo*, 136 S. Ct. at 1547). "When '[s]peculative inferences' are necessary . . . to establish either injury or the connection between the alleged injury and the act challenged, standing will not be found." *Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir. 1988) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 45 (1976)).

### III. DISCUSSION

In considering whether "pre-enforcement plaintiffs" have alleged credible threats of adverse state action sufficient to establish standing, courts consider three related factors. *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010). First, the courts consider whether pre-enforcement plaintiffs can show a reasonable likelihood that the government will enforce the challenged law against them. *Id.* at 786–87. Second, the courts consider whether the plaintiff can establish, with some degree of concrete detail, that they intend to violate the challenged law. *Id.* at 786, 787–88. Third, the courts consider whether the challenged law is applicable to the plaintiffs by its terms or as interpreted by the government. *Id.* at 786, 788. Plaintiffs do not meet these factors.

First, Plaintiffs cannot establish a reasonable likelihood that the government will enforce the challenged statute against them. Although the recording ban set forth in Assembly Bill 1356 is new, the FACE Act is not. For twenty years, the FACE Act has prohibited conduct done with the intent to intimidate or interfere with any private person from participating in reproductive heath services. Cal. Pen. Code § 423.2(a), (c). Plaintiffs, who allege that they have recorded interactions outside reproductive centers for years, have not alleged that they have ever been

arrested, indicted, or prosecuted under the FACE Act. *See Babbit v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298–99 (1979) ("When plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible, they do not allege a dispute susceptible to resolution by a federal court." (quotation marks and citation omitted)).

Assembly Bill 1356's enactment does not change this analysis. While Plaintiffs attempt to argue that this new bill causes them an injury because it forces them to modify their actions to comply with the recording ban and thus has a chilling effect on their speech,[1] Plaintiffs have not shown that their speech will be chilled in any meaningful way. Plaintiffs disavow engaging in the conduct prohibited by the statute—recording with an intent to intimidate—and instead claim that they need to be able to record to document hostile conduct, report crimes, and document interactions. Nothing in Assembly Bill 1356 prevents them from so recording. Thus, Plaintiffs' fear of enforcement is misplaced and cannot form the basis of an injury as the statute does not reach the conduct in which they claim to engage. *See Lopez*, 630 F.3d at 787 ("Mere '[a]llegations of a subjective "chill" are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.'" (quoting *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972))).

Second, Plaintiffs must show more than a hypothetical intent to violate the law. In assessing whether the plaintiffs have articulated a "concrete plan" to violate the law in question, the courts look to details given about the plaintiffs' future speech, such as the "when, to whom, where, and under what circumstances." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc). Plaintiffs' allegations must be specific enough so that a court need not speculate as to the kinds of political activity the plaintiffs desire to engage in or the contents of their proposed public statements. *United Public Workers of Am. v. Mitchell*, 330 U.S. 75, 90 (1947); *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 838–39 (9th Cir. 2014) (finding a "someday" plan to violate a statute at some undisclosed future date insufficient);

---

[1] For the sake of this Order, the Court assumes that the conduct at issue is speech or expressive conduct protected by the First Amendment.

Case No.: 5:21-cv-09878-EJD
ORDER DISMISSING ACTION FOR LACK OF ARTICLE III STANDING
5

*Thomas*, 220 F.3d at 1139 ("A general intent to violate a statute at some unknown date in the future does not rise to the level of an articulated, concrete plan.").

Plaintiffs have not alleged that they plan to record or photograph abortion clinic patients or providers with the specific intent to intimidate the providers or patients into foregoing using or providing reproductive healthcare services. On the contrary, Plaintiffs disavow making such recordings. *See* Brownfield Decl. ¶ 6 ("I am aware that abortion rights advocates, including many public officials, falsely claim that pro-lifers recording or photographing anything outside abortion clinics is itself a form of intimidation."); Sills Decl. ¶ 6 (same). Accordingly, Plaintiffs have not alleged facts that demonstrate a concrete plan to engage in the type of conduct prohibited by Assembly Bill 1356 (either currently or in the future).

Finally, the challenged law does not apply to Plaintiffs' claimed conduct. For Plaintiffs' First Amendment claim to work, they must show that their intended speech falls within Assembly Bill 1356's reach. *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1095 (9th Cir. 2003). If the statute by its terms does not apply to the plaintiff's conduct or the enforcing authority has disavowed its applicability, the plaintiff cannot establish a claim of future harm. *Lopez*, 630 F.3d at 788.

As discussed, Assembly Bill 1356 does not reach the claimed conduct. Instead, it prohibits recording or photographing individuals near the entrances of reproductive healthcare services facilities "with specific intent to intimidate that person" from participating in reproductive healthcare services and "caus[ing] the person to be intimidated." Cal. Pen. Code § 423.2(g). The Bill does not prohibit recording or photographing generally. Plaintiffs allege that they need to be able to record outside abortion clinics to document any aggressive individuals or to make a record of unusual, often threatening incidents. Brownfield Decl. ¶¶ 3–4; Sills Decl. ¶¶ 3–4. Nothing in the Bill prevents them from so recording. Thus, Plaintiffs' conduct does not fall within the reach of the Bill, and Plaintiffs' have failed to allege an injury sufficient to demonstrate Article III standing.

**IV. CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** this action for lack of subject-matter jurisdiction. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 8, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-09878-EJD
ORDER DISMISSING ACTION FOR LACK OF ARTICLE III STANDING
7